## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SPRING OAKS CAPITAL, LLC and
SPRING OAKS CAPITAL SPV, LLC,

              Plaintiffs,

    v.

SPRING OAKS CAPITAL SPV, LLC
(of Michigan) and GEORGE
OKRAGLESKI,

              Defendants.

Case No: 25-cv-13071

Judge

_____

## <u>COMPLAINT</u>

Plaintiffs Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC, for

their complaint against Defendants Spring Oaks Capital SPV, LLC (of Michigan)

and George Okragleski, state as follows:

## <u>SUMMARY AND NATURE OF ACTION</u>

1.    This is an action for willful trademark infringement and unfair

competition under the federal Lanham Act and Michigan statutes and common law.

In 2021, George Okragleski entered into a contract for a loan that he failed to repay.

In March 2025, in a desperate attempt to thwart the legitimate collection efforts of

Spring Oaks Capital LLC's affiliate, Spring Oaks Capital SPV, LLC, and extort

withdrawal of the legal action pending against him, Okragleski incorporated a

business under the identical Spring Oaks Capital SPV, LLC name with the Michigan Secretary of State. In so doing, Okragleski and his new company willfully infringed Spring Oaks Capital, LLC's registered SPRING OAKS CAPITAL trademark and the common law trademark rights of its affiliate Spring Oaks Capital SPV, LLC. Plaintiffs Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC bring this action to right Okragleski's wrong, seeking legal and equitable remedies to prevent further misuse of their valuable and protected trademark rights.

## **PARTIES**

2.      Plaintiff Spring Oaks Capital, LLC ("Spring Oaks Capital") is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 1400 Crossways Blvd, Suite 100B, Chesapeake, Virginia 23320. Its members reside in Delaware and Virginia.

3.      Plaintiff Spring Oaks Capital SPV, LLC ("Spring Oaks Capital SPV") is also a limited liability company organized under the laws of the State of Delaware with a principal place of business at 1400 Crossways Blvd, Suite 100B, Chesapeake, Virginia 23320. Its members reside in Delaware and Virginia.

4.      On information and belief Defendant George Okragleski ("Defendant Okragleski") is an individual residing at 32516 Lancaster Dr., Warren, Michigan 48088-3947.

5.      Defendant Spring Oaks Capital SPV, LLC (of Michigan) ("Defendant SPV") is a limited liability company organized under the laws of the State of Michigan on March 26, 2025 with principal place of business of 32516 Lancaster Dr., Warren, Michigan 48088-3947. According to records obtained from the Michigan Secretary of State, George Okragleski is the "Organizer" and registered agent of Defendant SPV.[1]

## ALTER EGO ALLEGATIONS

6.      On information and belief, at all times mentioned in this complaint, there has been a unity of interest and ownership between Defendant Okragleski and Defendant SPV such that any individuality or separation between them does not exist or, if it ever did exist, has since ceased to exist. Defendant Okragleski (1) organized the company that is currently registered with the Michigan Secretary of State as Spring Oaks Capital SPV, LLC (Defendant SPV) for the purpose of extorting the withdrawal of a legal action against him by a company of the same name, (2) identified himself not only as the organizer of Defendant SPV but also as its registered agent, and (3) listed his own residential address as the mailing address for Defendant SPV.

---

[1] Spring Oaks Capital and Spring Oaks Capital SPV are referred to collectively as "Plaintiffs." Defendant Okragleski and Defendant SPV are referred to collectively as "Defendants."

7.     On information and belief, Defendant Okragleski has at all times exercised complete control and dominion over Defendant SPV with a disregard for the separate legal status of the entity in an attempt to profit off of Plaintiffs' trademark rights and goodwill. Defendant Okragleski exercised such control over Defendant SPV to organize and register the company under the identical legal name as Plaintiff Spring Oaks Capital SPV name without being authorized or otherwise permitted to do so by either Plaintiff Spring Oaks Capital or Plaintiff Spring Oaks Capital SPV.

8.     On information and belief, Defendant SPV is grossly undercapitalized. For example, the mailing address listed for Defendant SPV appears to be Okragleski's residential address, which suggests that Defendant SPV lacks a commercial office space due to undercapitalization. This undercapitalization is consistent with Defendant SPV being formed for an improper purpose, rather than to operate a legitimate, independent business entity.

9.     On information and belief, Defendant Okragleski holds substantial (if not all) interests in Defendant SPV and should therefore be deemed to be using Defendant SPV as his alter ego. On information and belief, Defendant SPV was created as, and remains, a mere shell and naked framework that Defendant Okragleski used, and now uses, as a conduit for his own misconduct to Plaintiff's detriment.

10.    Adherence to the legal fiction of the separate existence of Defendant Okragleski and Defendant SPV as distinct entities would permit an abuse of the corporate privilege and would sanction fraud and promote injustice. Plaintiffs seek to pierce the corporate veil and hold Defendant Okragleski liable not only for his misconduct as an individual but also for the wrongful acts committed by Defendant SPV.

## JURISDICTION AND VENUE

11.    Plaintiffs' claims relate to trademark infringement and unfair competition that arise under the federal Lanham Act, 15 U.S.C. § 1051, et seq. This Court has subject matter jurisdiction over these federal claims under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

12.    Plaintiffs' claims also relate to trademark infringement and unfair competition under the statutes and common law of the State of Michigan. These state law claims are so related to the federal claims pleaded herein that they derive from a common nucleus of operative facts as the federal claims and form part of the same case or controversy. The Court has supplemental subject matter jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

13.    The Court's exercise of personal jurisdiction over each Defendant is proper, pursuant to MCL § 600.705, at least because: each Defendant resides within the State of Michigan and within the jurisdictional boundaries of this Court; each

Defendant has committed tortious acts that were designed to and have caused injury in the State of Michigan and within the jurisdictional boundaries of this Court; Defendant SPV engages in business within the State of Michigan and within the jurisdictional boundaries of this Court; Defendant Okragleski acts as a director, manager, trustee, or other officer of Defendant SPV, which is incorporated under Michigan law and has its principal place of business in the State of Michigan and within the jurisdictional boundaries of the Court; and, on information and belief, each Defendant owns real and tangible personal property situated within the State of Michigan and within the jurisdictional boundaries of this Court.

14.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims and a substantial part of the harm caused by Defendants has occurred in this judicial district.

## BACKGROUND COMMON TO ALL CLAIMS

15.     Spring Oaks Capital is a financial services organization in the business of purchasing debt and accounts receivable from others and then working with the debtor to recover the owed monies. Spring Oaks Capital was incorporated in the State of Delaware on August 23, 2019 and has been operating nationwide under the SPRING OAKS CAPITAL name continuously in interstate commerce ever since, including in the State of Michigan since about 2020.

16. Spring Oaks Capital is the owner of U.S. Reg. No. 7,412,656 ("656 Registration") for the trademark SPRING OAKS CAPITAL, which is registered on the principal register of trademarks with the United States Patent and Trademark Office ("USPTO"). See Exhibit A (U.S. Reg. No. 7,412,656).

17. The USPTO issued the 656 Registration to Spring Oaks Capital on June 11, 2024 for use of the SPRING OAKS CAPITAL trademark in connection with "[d]ebt purchasing services, namely, purchasing debt and accounts receivable of others; debt purchasing, recovery, and collection services; debt collection; debt advisory services; [and] debt settlement services."

18. The 656 Registration confirms that Spring Oaks Capital has a first use date and first use in commerce date for the SPRING OAKS CAPITAL trademark of September 30, 2019.

19. The 656 Registration constitutes prima facie evidence of the validity and conclusive evidence of Spring Oaks Capital's nationwide exclusive right to use the SPRING OAKS CAPITAL mark in connection with the services identified therein and other commercial services. The 656 Registration also provides constructive notice to Defendants and others of Spring Oaks Capital's exclusive rights in the SPRING OAKS CAPITAL mark.

20. Spring Oaks Capital has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the SPRING OAKS

CAPITAL mark. As a result, Spring Oaks Capital has developed significant goodwill in the SPRING OAKS CAPITAL mark and services advertised and provided in connection with the SPRING OAKS CAPITAL mark are widely recognized and exclusively associated by consumers, the public, sellers of debt and accounts receivables, and the trade with Spring Oaks Capital's high-quality, compliant, and reputable purchasing and collections of debt and accounts receivables.

21.     Spring Oaks Capital SPV is an affiliate of Spring Oaks Capital and operates as a holding company where the debt is transferred to, immediately upon purchase in most instances, and where it is held, initiating legal proceedings against debtors when necessary. Spring Oaks Capital is the operating company that provides debt collection services exclusively for the owner of the debt, Spring Oaks Capital SPV. Spring Oaks Capital SPV was incorporated in the State of Delaware on October 28, 2020 and has been operating nationwide under the SPRING OAKS CAPITAL SPV name and trademark continuously in interstate commerce ever since, including in the State of Michigan.

22.     Accordingly, Spring Oaks Capital SPV has acquired valuable common law trademark rights in the name and mark SPRING OAKS CAPITAL SPV. As a result, Spring Oaks Capital SPV has developed significant goodwill in the SPRING OAKS CAPITAL SPV mark and services provided in connection with the SPRING

OAKS CAPITAL SPV mark are widely recognized and exclusively associated by consumers, the public, sellers of debt and accounts receivables, and the trade with Spring Oaks Capital SPV.

23.    On or about July 16, 2021, Defendant Okragleski opened a Spirit Airlines credit card account with First Bank & Trust whereby the First Bank & Trust would provide Defendant Okragleski credit, which Defendant Okragleski agreed and promised to pay back.

24.    Based on the terms and conditions of the credit card agreement, First Bank and Trust did indeed provide Defendant Okragleski the agreed upon an amount of credit. But Defendant Okragleski did not pay that money back in full in accordance with the parties' contract.

25.    First Bank and Trust sold Defendant Okragleski's delinquent and charged off credit card account to Spring Oaks Capital on December 28, 2023. Spring Oaks Capital transferred the account to Spring Oaks Capital SPV on that same date.

26.    In January 2025, Spring Oaks Capital SPV filed a complaint in Michigan state court (*Spring Oaks Capital SPV, LLC v. Geroge Okragleski*, Case No. 25-01091-GC, 46th District Court) alleging breach of contract against Defendant Okragleski in order to recover the sums due and owning from Defendant Okragleski under the terms of the contract.

27.     Upon being served with the summons and complaint filed by Spring Oaks Capital SPV, Defendant Okragleski proceeded to create a Michigan limited liability company under the identical name as Spring Oaks Capital SPV with a business address that is the same as Defendant Okragleski's residential address. See Exhibit B (Articles of Incorporation).

28.     Upon information and belief, the sole purpose of Defendant Okragleski's creation of Defendant SPV as a limited liability company was to extort Plaintiffs into abandoning their lawful collection efforts and dismiss the complaint Spring Oaks Capital SPV had filed against Defendant Okragleski in Michigan state court.

29.     On April 2, 2025, Defendant Okragleski wrote and signed a letter on Spring Oaks Capital SPV, LLC letterhead that demonstrates the above alleged wrongful purpose. See Exhibit C ("April 2 Letter"). The contents of the April 2 Letter speak for themselves and are incorporated by reference as though fully set out here.

30.     Among the egregious claims and threats made in the April 2 Letter by Defendant Okragleski on behalf of himself and Defendant SPV were unsupported allegations of fraudulent activity by Plaintiff Spring Oaks Capital, baseless allegations of possible malpractice by Spring Oaks Capital's counsel, and threats to report Plaintiff Spring Oaks Capital SPV and its counsel to the Michigan Secretary

of State, the Michigan Attorney General, and the State Bar of Michigan Attorney Grievance Commission.

31.     In the April 2 Letter, Defendant Okragleski also stated: "This directive includes, but is not limited to, collection of any money under the name "Spring Oaks Capital SPV, LLC," the deposit of which in an account outside of Michigan may constitute a fraudulent interstate transaction."

32.     In the April 2 Letter, Defendant Okragleski also stated: "You should immediately dismiss, with prejudice, any lawsuits in Michigan filed under the name 'Spring Oaks Capital SPV, LLC'."

33.     In the April 2 Letter, Defendant Okragleski also stated: "I would prefer not to resort to … the State Bar of Michigan Attorney Grievance Commission for failure to verify the legal existence of a business entity before filing suit and, if your firm is responsible for the failure to register a foreign corporation before doing business and filing suit, well, you do the math."

34.     In the April 2 Letter, Defendant Okragleski also stated: "I am willing to discuss a resolution of this matter, short of lawfare, that should allow you to continue to practice law in Michigan with minimal blemish."

35.     In addition, on April 9, 2025, Defendant Okragleski's counsel in the state court action, Claude T. Beavers, sent an email to Plaintiffs' counsel in the state court action, Mike Krschenheiter. The contents of the April 9, 2025 Email speak for

themselves and are incorporated by reference as though fully set out here.

36.     In the April 9 Email, Defendant Okragleski's counsel stated: "I guess you know by now that your client is not authorized to do business under that name in Michigan. My client actually owns the LLC. We can settle this very quickly with a dismissal with prejudice and your client can purchase the LLC from my client." See Exhibit D ("April 9 Email").

37.     Each of the threats and demands made by Defendant Okragleski on behalf of himself and Defendant SPV in the April 2 Letter and the statements and positions made by Mr. Beavers in the April 9 Email, were frivolous, a conclusion supported by the Michigan court's entry of judgment against Defendant Okragleski on August 25, 2025.[2]

38.     On information and belief, Defendant Okragleski and his counsel's correspondence in April 2025 demonstrate a clear improper purpose and willful misconduct in registering Defendant SPV as a limited liability company in the state of Michigan.

39.     On June 6, 2025, Matthew Delaney, counsel for Plaintiffs, wrote Claude T. Beavers, counsel for Defendant Okragleski in the state court action, advising of Plaintiffs' registered SPRING OAKS CAPITAL mark and Defendants'

---

[2] Defendant Okragleski has pursued an appeal of this judgment, which is pending in Michigan appellate court for Oakland County as of the date of this document.

infringement of that mark by virtue of having incorporated "Spring Oaks Capital SPV, LLC" in Michigan. See Exhibit E ("June 6 Letter"). The contents of the June 6 Letter speak for themselves and are incorporated by reference as though fully set out here.

40.     Plaintiffs' June 6 Letter enclosed a copy of the 656 Reg. certificate and demanded that Defendant Okragleski stop using "Spring Oaks Capital" or any confusingly similar trademarks, trade names, or business names, voluntarily dismiss the "Spring Oaks Capital SPV, LLC" company, and provide written assurances that he would refrain from future wrongful conduct as to the subject matter of the letter.

41.     Defendants have not complied with any demands of Plaintiffs' June 6, Letter.

## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE LANHAM ACT

42.     Plaintiffs repeat and reallege the allegations of the previous paragraphs as though fully set forth herein.

43.     Spring Oaks Capital is the owner of all rights and title in the SPRING OAKS CAPITAL trademark and the 656 Registration.

44.     Spring Oaks Capital SPV is the owner of all rights and title in the SPRING OAKS CAPITAL SPV tradename and trademark under state law and the common law.

45. Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks are also inherently distinctive and are associated in the minds of the consuming public with Plaintiffs and their respective services.

46. Based on Plaintiffs' extensive advertising, sales, and continuous use of Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks, those marks are both commercially and conceptually strong and have also acquired secondary meaning so that any advertisement and rendering of services under and bearing Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks is immediately associated by purchasers and the consuming public as being a service of or affiliated with Plaintiffs.

47. On information and belief, Defendants had full knowledge and awareness of Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks at all times relevant to the allegations herein, including before Defendant Okragleski incorporated Defendant SPV as a Michigan limited liability company.

48. Defendants have used and continue to use Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks or confusingly similar trademarks in connection with Defendants' business and services thereof, if any.

49. Defendants' activities constitute Defendants' use in commerce of Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks.

50. Defendants have used and continue to use Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks or confusingly similar trademarks without either of Plaintiffs consent or authorization.

51. Defendants' use of Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks or confusingly similar trademarks has caused and is likely to cause confusion and mistake in the minds of consumers to believe that Defendants' business and services and advertisements concerning the same, are authorized, associated, affiliated, or connected by or with Plaintiffs or their trademarks.

52. Defendants' use of the Plaintiffs' trademarks is with full knowledge of the falsity or lack of such authorization, association, affiliation, or connection by or to Plaintiffs or their trademarks. Defendants' activities create the false and misleading impression that Defendants are sanctioned, assigned, or authorized by Plaintiffs to use Plaintiffs' trademarks when Defendants are not so authorized.

53. Defendants' misconduct is intended to improperly exploit the goodwill and reputation associated with Plaintiffs' trademarks and has been carried out in bad faith.

54.    Defendants' unauthorized use of Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks or confusingly similar trademarks as set forth above has resulted in Defendants unfairly benefiting from Plaintiffs' reputation and consumer goodwill associated with those trademarks. Defendants continue to profit from Plaintiffs' reputation and consumer goodwill to the substantial and irreparable injury of the public, Plaintiffs, Plaintiffs' respective trademark, and the substantial reputation goodwill represented thereby.

55.    Plaintiffs have no adequate remedy at law and are suffering irreparable harm and damages as a result of the acts of Defendants in an amount thus far not determined.

56.    Defendants' wrongful acts will continue unless enjoined by this Court.

57.    Upon information and belief, Defendants have obtained gains, profits, and advantages as a result of their wrongful acts in an amount thus far not determined.

58.    Defendants' acts constitute willful trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1501, et seq., including but not limited to Sections 32 and 43 of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125, respectively

## SECOND CAUSE OF ACTION
## STATE TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER MICHIGAN STATUTORY AND COMMON LAW

59.     Plaintiffs repeat and reallege the allegations of the previous paragraphs as though fully set forth herein.

60.     Spring Oaks Capital is the owner of all rights and title in the SPRING OAKS CAPITAL trademark and the 656 Registration.

61.     Spring Oaks Capital SPV is the owner of all rights and title in the SPRING OAKS CAPITAL SPV tradename and trademark under state law and the common law.

62.     Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks are also inherently distinctive and are associated in the minds of the consuming public with Plaintiffs and their respective services.

63.     Based on Plaintiffs' extensive advertising, sales, and continuous use of Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks, those marks are both commercially and conceptually strong and have also acquired secondary meaning so that any advertisement and rendering of services under and bearing Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks is immediately associated by purchasers and the consuming public as being a service of or affiliated with Plaintiffs.

64.     On information and belief, Defendants had full knowledge and awareness of Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks at all times relevant to the allegations herein, including before Defendant Okragleski incorporated Defendant SPV as a Michigan limited liability company.

65.     Defendants have used and continue to use Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks or confusingly similar trademarks in connection with Defendants' business and services thereof, if any.

66.     Defendants' activities constitute Defendants' use in commerce of Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks.

67.     Defendants have used and continue to use Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks or confusingly similar trademarks without either of Plaintiffs consent or authorization.

68.     Defendants' use of Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks or confusingly similar trademarks has caused and is likely to cause confusion and mistake in the minds of consumers to believe that Defendants' business and services and advertisements concerning the same, are authorized, associated, affiliated, or connected by or with Plaintiffs or their

trademarks.

69.     Defendants' use of Plaintiffs' trademark and/or confusingly similar mark is with full knowledge of the falsity or lack of such authorization, association, affiliation, or connection by or to Plaintiffs or their trademarks. Defendants' activities create the false and misleading impression that Defendants are sanctioned, assigned, or authorized by Plaintiffs to use Plaintiffs' trademarks when Defendants are not so authorized.

70.     Defendants' misconduct is intended to improperly exploit the goodwill and reputation associated with Plaintiffs' trademarks and has been carried out in bad faith.

71.     Defendants' unauthorized use of Plaintiffs' respective SPRING OAKS CAPITAL and SPRING OAKS CAPITAL SPV trademarks or confusingly similar trademarks as set forth above has resulted in Defendants unfairly benefiting from Plaintiffs' reputation and consumer goodwill associated with those trademarks. Defendants continue to profit from Plaintiffs' reputation and consumer goodwill to the substantial and irreparable injury of the public, Plaintiffs, Plaintiffs' respective trademark, and the substantial reputation goodwill represented thereby.

72.     Plaintiffs have no adequate remedy at law and are suffering irreparable harm and damages as a result of the acts of Defendants in an amount thus far not determined.

73.     Defendants' wrongful acts will continue unless enjoined by this Court.

74.     Upon information and belief, Defendants have obtained gains, profits, and advantages as a result of their wrongful acts in an amount thus far not determined.

75.     Defendants' acts constitute willful trademark infringement and unfair competition in violation of Michigan state law, including the Michigan Consumer Protection Act, MCLA § 445.901 et seq., including but not limited to MCLA § 445.903, and Michigan common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand relief against Defendants as follows, requesting that the Court:

A. Enter judgment that:

1. Plaintiff Spring Oaks Capital's federally registered trademark rights have been and continue to be infringed by Defendants;

2. Plaintiff Spring Oaks Capital SPV's common law trademark rights have been and continue to be infringed by Defendants;

3. Defendants' use of the Plaintiffs' trademarks or confusingly similar marks constitutes unfair competition; and

4. Defendants use of Plaintiffs' trademarks or confusingly similar marks was done in bad faith with an intent to profit from the

Plaintiffs' trademarks and goodwill associated with those trademarks; and

B.   Issue a preliminary and/or permanent injunction enjoining and restraining Defendants and their agents, servants, employees, and attorneys and all those in active concert or participation with them, from:

1.   Using any reproduction, copy, or colorable imitation of Plaintiff Spring Oaks Capital's federally registered trademark to identify any goods or the rendering of any services not authorized by Spring Oaks Capital;

2.   Using any reproduction, copy, or colorable imitation of Plaintiff Spring Oaks Capital SPV's name and common law trademark to identify any goods or rendering of any services not authorized by Spring Oaks Capital SPV;

3.   Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiffs' business reputation or dilute the distinctive quality of Plaintiffs' respective trademark rights;

4.   Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized business entity or serves as being

those of Plaintiffs' or sponsored by or associated with Plaintiffs and from offering such false descriptions and/or representations in commerce;

5. Further infringing Plaintiffs' trademarks by selling, marketing, offering for sale, advertising, or promoting services not authorized by Plaintiffs bearing any simulation, reproduction, copy or colorable imitation of Plaintiffs' trademarks;

6. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, sold, or rented by Defendants, or any services distributed, sold, or offered for sale by Defendants, are in any manner associated or connected with Plaintiffs, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs;

7. Effecting assignments or transfers, forming new entities or associations, or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

C.      Order Defendants to deliver up for destruction to Plaintiffs all unauthorized advertisements in Defendants' possession or under Defendants' control bearing Plaintiffs' trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof under 15 U.S.C. §1118.

D.      Order Defendants to transfer to Plaintiffs any domain names that include Plaintiffs' trademark in whole or in part.

E.      Order Defendants to refrain from registering, using, or trafficking in any domain names or social media or platform user names or handles that are identical or confusingly similar to Plaintiffs' trademark, including but not limited to domain names that include Plaintiffs' trademark in whole or in part.

F.      Order Defendants to file a voluntary dissolution with the Michigan Secretary of State to dissolve the Michigan legal entity "Spring Oaks Capital SPV, LLC" (Business ID Number 803363834).

G.      Award to Plaintiffs all profits Defendants realized from their unlawful acts alleged herein.

H.      Award to Plaintiffs all actual damages Plaintiffs have suffered from Defendants' unlawful acts alleged herein.

I.      Award to Plaintiffs all of the profits assessed above, together with three times the amount of damages assessed above, with prejudgment interest on the foregoing sums.

J.      Declare this an "exceptional" case and order that Plaintiffs recover from Defendants the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

K.      Direct that this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

L.      Award to Plaintiffs such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Plaintiffs have incurred in connection with this action.

Dated: September 29, 2025        Respectfully submitted,

/s/ *Jeffrey A. Turner*
Jeffrey A. Turner (P85291)
MILLER JOHNSON
500 Woodward Ave, Suite 3600
Detroit, MI 48226
(313) 672-6950
turnerj@millerjohnson.com

Paul J. Linden (*application for admission forthcoming*)
FROST BROWN TODD LLP
301 East Fourth Street, Suite 3300
Cincinnati, OH  45202
Phone: (513) 651-6800
Fax: (513) 651-6981
plinden@fbtlaw.com

*Counsel for Plaintiffs Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC*